IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:20-CR-00176-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| CHRISTOPHER LENARD DUNHAM, JR. | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Anthony Caldwell's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018 and appointment of counsel. (Doc. No. 25). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In 2020, Defendant pled guilty to possession of a firearm by a convicted felon. (Doc. No. 13). He was sentenced to 54 months plus three years of supervised release. (Doc. No. 23).

Defendant is a 31-year-old male serving his prison sentence at USP Lee in Virginia. His current projected release date is March 15, 2024. Defendant bases his current motion on what he claims is a sentencing disparity. (Doc. No. 25 at 5). With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is now no applicable policy statement governing compassionate release motions filed by a defendant. *Id*. at 284. As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *Id*. At sentencing, the Court varied upward and considered all the factors in

18 U.S.C. § 3553(a) as well as the arguments of both parties as well as the conduct of the defendant and found that a sentence of 54 months imprisonment was sufficient but not greater than necessary to accomplish the sentencing factors of 18 U.S.C. § 3553(a). (Doc. No. 24 at 3).

As the Supreme Court has noted, finality is "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). While the value of finality does not carry as much weight in criminal litigation as in civil litigation, it does not disappear completely. *See Friendly, Is Innocence Irrelevant? Collateral Attacks on Criminal Judgments,* 38 U. Chi. L. Rev. 142, 150 (1970). This is because constant re-litigation of settled decisions erodes the public's confidence in the criminal justice system. *See Mackey v. United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in part and dissenting in part) ("No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved."); *see Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994) ("[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice."); *see also Edwards v. Vannoy*, 141 S. Ct. 1547, 1570 (2021) (Thomas, J., concurring) ("the idea that at some point a criminal conviction reaches an end, a conclusion, a termination, 'is essential to the operation of our criminal justice system.").

Whether a specific sentence was correct can always be debated, but "if the rule of law means anything, it means the final result of proceedings in courts of competent jurisdiction establishes what is correct 'in the eyes of the law.'" *Edwards*, 141 S. Ct. 1547 at 1571 (citing *Herrera v. Collins*, 506 U.S. 390, 399-400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)). As a result, the law

jealously protects the finality of criminal sentences against judicial "change of heart." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)).

Here, the Defendant seeks what would amount to a judicial "change of heart." While 18 U.S.C. 3582(C)(1)(A)(i) inherently challenges the finality of a criminal sentence, it requires an extraordinary and compelling reason. And the Defendant has failed to meet that burden. Simply put, the fact that a previously imposed sentence, which contained no underlying legal defect at the time of its imposition, is lengthy does not constitute an extraordinary and compelling reason. The Court will not open the floodgates for the second guessing of every validly imposed sentence merely because the defendant would like to serve a shorter one. Every defendant can argue before this Court (and on appeal) what sentence should fairly be imposed for the crimes committed. In this Court's view, a motion for compassionate release is not an opportunity to re-open a Defendant's original sentencing hearing because the Defendant disagreed with the outcome. Consequently, keeping in mind the vital role that finality plays in instilling confidence in and respect for the criminal justice system, the Court finds that the Defendant has not shown an extraordinary and compelling reason for sentence reduction under 18 U.S.C. 3582(C)(1)(A)(i).

Furthermore, to the extent that Defendant wishes to raise a claim that his professed inability to take classes and continue his rehabilitation has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the

execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree*, 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 25), is **DENIED.**

**SO ORDERED.**

Signed: August 18, 2022

Kenneth D. Bell
United States District Judge

---

[1] Defendant is confined at USP Lee, which is located in the Western District of Virginia.